UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOVAN BLACKMON, Plaintiff,

v. Civil Action No. 3:18-cv-P159-DJH

HARDIN COUNTY DETENTION CENTER et al., Defendants.

* * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jovan Blackmon filed a *pro se*, *in forma pauperis* complaint. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some claims will be dismissed, and some claims will be allowed to proceed.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee incarcerated at the Hardin County Detention Center (HCDC). He names as Defendants HCDC and Corrections Officer Elmore in his individual and official capacities. He alleges that on February 28, 2017, another inmate began "picking at [Plaintiff] because [Plaintiff] was the new guy in the cell," calling him "'monkey'" and "'[n-word].'" He states that while this was taking place, Defendant Elmore stood near the door, watching, and allowing the other inmate to "disrespect [Plaintiff] in the most racist way." Plaintiff alleges that:

> When I started to take up for myself for safety reasons only C.O. Elmore grabed me put the cuffs on me threw me against the wall, force me up the hallway telling me to stop resisting and I was never resisting. That's when C.O. Lewis join the party[,] grabed me as well and shove me in the drunk tank.

Plaintiff alleges that HCDC "is being run wrong, the C.O. here do and say whatever they want." He further alleges that Defendant Elmore "had no regard for my safety as I was getting push down the hall way in [HCDC]. C.O. Elmore states that's why I hate dealing with monkeys[;] you gonn comply boy." He states that Defendant Elmore was "overtly racist." He also states that ever since he "got this 1983 form I been in the hole. I almost had a form filled out but when C.O. Elmore witness his name he put in the toilet off camera."

As relief, Plaintiff requests monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Official-capacity claims

Naming Defendant Elmore, an employee of Hardin County, in his official capacity is the same as suing the county itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's official-capacity claims against Defendant Elmore are actually brought against the Hardin County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Plaintiff also sues HCDC. HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Hardin County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Hardin County is a "person" for purposes of § 1983. *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Court will therefore construe Plaintiff's claims against HCDC as brought against Hardin County.

When a § 1983 claim is made against a municipality, like Hardin County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The Court finds that Plaintiff has not alleged that a Hardin County custom or policy was the moving force behind any of the alleged constitutional violations. Therefore, the Court will

4

dismiss Plaintiff's claims against HCDC and Defendant Elmore in his official capacity for failure to state a claim.

### B. Individual-capacity claims

#### 1. Claim regarding racial slurs

Plaintiff does not state a claim against Defendant Elmore based on his racist comments. Although Plaintiff alleges that Defendant Elmore was overtly racist and told him that he hated dealing with "monkeys," such conduct does not rise to the level of a constitutional violation. The Sixth Circuit has held that harassing or degrading language by a prison official, although unprofessional and despicable, does not amount to a constitutional tort. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). The Court will, therefore, dismiss Plaintiff's claim based on alleged racial slurs.

#### 2. Claims of excessive force and retaliation

The Court will allow Plaintiff's individual-capacity claims to go forward against Defendant Elmore for alleged excessive force in removing Plaintiff from the cell and for retaliating against Plaintiff for naming him in a § 1983 complaint by placing/keeping him in the hole and flushing the § 1983 complaint form down the toilet.

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against Defendant HCDC and Defendant Elmore in his official capacity are **DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that the individual-capacity claim regarding Defendant Elmore's use of racial slurs is **DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate HCDC as a Defendant in this action.

A separate Order Directing Service and Scheduling Order will be entered to govern the development of the continuing claims, *i.e.*, Plaintiff's individual-capacity claims against Defendant Elmore related to alleged excessive force under the Fourteenth Amendment and retaliation in the form of disposing of Plaintiff's § 1983 complaint in the toilet and placing/keeping him in the hole under the First Amendment. In allowing those claims to continue, the Court expresses no opinion as to their ultimate merit.

Date: July 23, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　 Defendants
　　 Hardin County Attorney
4415.009

6